UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:08-476-KKC

RACHEL GRIGSBY and
GARY GRIGSBY,                                                                                       PLAINTIFFS,

v.                                                **OPINION AND ORDER**

I-FLOW CORPORATION,
ASTRAZENECA LP,
ASTRAZENECA PHARMACEUTICALS LP, and
ZENECA HOLDINGS, INC.,                                                                   DEFENDANTS.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the Plaintiffs' Motion to Transfer and Consolidate (DE 33) this case with another case currently pending in this judicial district, *Varney vs. I-Flow, Inc., et al.*, Case No. 2:08-CV-00101-DLB.

Rule 42 of the Federal Rules of Civil Procedure provides:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

In deciding whether to consolidate cases, the court must consider "[w]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single

one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Cantrell v. GAF Corporation*, 999 F.2d 1007, 1011 (6th Cir. 1993)(internal brackets and citation omitted).

In their motion, the Plaintiffs argue that this matter and the *Varney* matter involve common questions of fact because the plaintiffs in the actions – Rachel Grigsby and Varney – both assert they were damaged by a pain pump manufactured by Defendant I-Flow, Inc. and assert the same claims against it. Further, the Plaintiffs assert that Grigsby and Varney allege the same type of damage, i.e. chondrolysis. The Plaintiffs recognize that there are different pharmaceutical defendants in each case but assert that Judge Bunning has consolidated another set of pain pump cases involving another pain pump manufacturer and the process has worked well. They assert that the consolidation of those cases has prevented unnecessary duplication in discovery and motion practice.

While the actions may involve some of the same facts, i.e., both patients used the I-Flow pain pump, the actions also involve different plaintiffs with different health histories, different medicines administered to the plaintiffs, and different medicine manufacturers. Moreover, the surgeries were performed at different institutions by different physicians. At this point, it appears these differences outweigh the similarities between the cases and may present individual issues on such critical matters as causation and liability.

Furthermore, the *Varney* action was filed on May 30, 2008 and this action was not filed until November 20, 2008, with an Amended Complaint on December 11, 2008. The parties in the *Varney* action appear to have already been involved in significant discovery with the discovery deadline less than a month away. Thus, a single discovery schedule applicable to both actions is not possible. Furthermore, the only discovery that may be duplicative in the two matters will be that involving the single common party, I-Flow. And, as the Plaintiffs point out, the parties in the two cases are already

2

coordinating that discovery.

Moreover, if the matters are consolidated, there would likely be a significant number of motions and discovery issues that would be relevant to only certain defendants, which may cause unnecessary delays for the unaffected parties.

Nevertheless, the Court agrees with the Plaintiffs that the parties would benefit from having a judge familiar with pain pump litigation guiding the discovery process and coordinating scheduling between the cases insofar as possible. Accordingly, the Court will set aside the referral to Magistrate Judge James B. Todd contained in the Scheduling Order in this matter and will instead refer this matter to Magistrate Judge J. Gregory Wehrman for the purpose of managing discovery and scheduling and to conduct a settlement conference. Judge Wehrman has been managing such issues in the other pain pump cases. Furthermore, his duty station is in Covington and the offices of nearly all of the lawyers in this action are in the Northern Kentucky/Cincinnati area. Discovery and scheduling issues do not normally require the presence of the parties themselves.

For all these reasons, the Court hereby ORDERS the following:

1) The Motion to Transfer and Consolidate (DE 33) filed by the Plaintiffs is DENIED;

2) The referral to Magistrate Judge James B. Todd contained in the Scheduling Order in this matter is SET ASIDE;

3) This matter is REFERRED to Magistrate Judge J. Gregory Wehrman for the purpose of:

   (i) managing discovery and resolving all discovery disputes;

   (ii) conducting a telephonic conference mid-way through discovery regarding the progress of discovery and the feasibility of all deadlines;

   (iii) conducting a settlement conference at his convenience, but no later than the Pretrial

  Conference; and

(iv) conducting a preliminary pretrial conference to confirm feasibility of the trial schedule and to review the parties' compliance with the Court's Pretrial Order.

Dated this 23rd day of July, 2009.

Signed By:
*Karen K. Caldwell*
United States District Judge